**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JIMMY DAVIDSON**                                                **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.: 3:18cv18-JMV**

**WARDEN TIMOTHY OUTLAW,** *ET AL.*                           **DEFENDANTS**

**PROCESS ORDER**

The Court conducted a hearing as outlined in Spears v McCotter, 766 F.2d 79 (5th Cir. 1985) in this case and finds that process should issue for defendant **Nurse Gail.**

It is **ORDERED:**

(1) The clerk of the court will issue process for **Nurse Gail**, along with a copy of this order and the order permitting the plaintiff to proceed *in forma pauperis*. The United States Marshal Service will serve process upon the defendant under 28 U.S.C. § 1915(d), using good faith efforts to identify and locate the proper person and obtain service by all approved alternative means as provided by F.R.Civ.P. 4 and Miss.R.Civ.P. 4 if service by mail is unsuccessful. If the defendant is located in another state, the Marshal Service must obtain service by that state's law governing service of process.

(2) A scheduling order will be issued once the defendant has answered; the plaintiff may not submit any discovery requests until the scheduling order has been entered.

(3) In the event any damages or other moneys become payable to or for the benefit of the plaintiff as a result of this litigation, whether by way of satisfaction of a judgment, compromise settlement, or otherwise, the plaintiff remains liable to the United States for the reimbursement of all court costs, fees and expenses which he has caused to be incurred in the course of this litigation, and the United States will have a lien against any damages or other moneys until the United States

has been fully reimbursed for those court costs, fees and expenses by payment of them into the court.

(4) The plaintiff must acknowledge receipt of this order by signing the enclosed acknowledgment form and returning it to the court within fourteen (14) days of this date.

(5) The plaintiff's failure to keep the court informed of his current address or to comply with the requirements of this order may lead to dismissal of his lawsuit under Fed. R. Civ. P. 41(b), for failure to prosecute and failure to comply with an order of the court.

**SO ORDERED**, this, the 11th day of July, 2019.

    s/Jane M. Virden
    **U.S. MAGISTRATE JUDGE**